# Attachment 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DAMALI D. GORDON,

        Plaintiff,

v.

EMILY BREEDING, individually
and t/a AL'S STEAKHOUSE;
DOROTHY BREEDING; and
ESTATE OF JAMES BREEDING,

        Defendants.

No. 1:20-CV-01399-LMB-JFA

Hon. Leonie M. Brinkema

## DECLARATION OF PLAINTIFF'S COUNSEL

Pursuant to 28 U.S.C. § 1746, Stephen B. Pershing, Esq., and Onyebuchim ("Onye," pron. "own-YAY") Chinwah, Esq., hereby jointly declare under penalty of perjury as follows:

1.    We are co-counsel to plaintiff Damali Gordon in this civil rights action. Mr. Pershing is a member of the bar of this Court. Mr. Chinwah is a member of the Maryland State Bar and the bar of the U.S. District Court for the District of Maryland; his application for admission to practice before this Court *pro hac vice* is forthcoming. This case came to us through the Workers' Rights Clinic of the Washington Lawyers' Committee for Civil Rights and Urban Affairs.

2.    On February 8, 2021, we jointly held a telephone conference with Marni E. Byrum, Esq., counsel for the defendants, in which she maintained that although her clients had each received the complaint with summonses, notice and acknowledgment, they would refuse (or she would instruct them to refuse) to accept service by this means, and would require paid

service, unless we amended the complaint. She would not commit to accepting service by mail if we did so.

3.  Among the amendments Ms. Byrum believed would be necessary was the elimination of the complaint's Title VII claims, since she averred that the defendants at no relevant time had 15 or more employees. We explained the basis for our belief that the employee threshold had been met, and added that if indeed it did not, we would readily amend to drop the Title VII claims. Ms. Byrum later sent us informally, at our request, a pair of payroll tax documents showing that the defendant business had fewer than 15 employees at the end of tax years 2019 and 2020.

4.  Another amendment that Ms. Byrum believed was necessary was to change the start date of Ms. Gordon's employment to April 23, 2019, the first date the defendants had official records of her beginning work. Ms. Byrum later sent us informally, at our request, a 1-page payroll record showing a start date for Ms. Gordon of April 23, 2019.

We determined that whatever amendments we made to the complaint should all be made at once, and on February 8, 2021, following the teleconference just mentioned, we proposed an extension of the defendants' time to respond to the original complaint as a way of facilitating the amendments sought. Ms. Byrum never responded to that proposal, and did not seek an extension of time to answer.

5.  Meanwhile we undertook further investigations as counsel. During that undertaking, the Order to Show Cause came from the Court, specifying today, March 9, 2021, as the due date for our written response.

6.  We now have additional credible evidence (a) that Ms. Gordon started work earlier than April 23, 2019, most likely in late February 2019; (b) that the defendants initially paid Ms. Gordon in cash but did not formally record the cash payments; and (b) that other workers at

2

the defendant business were paid by the same "under the table" means. We therefore believe that neither of the amendments sought by Ms. Byrum is necessary or warranted at this time.

7. In order to pre-empt any future tactical objections to the effectiveness of service, we will serve the original complaint and its accompanying papers, as well as the proposed amended complaint and this Response and their accompanying papers, via private process server by March 11, 2021.

Each of us declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true, accurate and correct to the best of the knowledge and belief of each of us.

| | |
|---|---|
| _____<br>Stephen B. Pershing | /s/ *Onyebuchim Chinwah*_____<br>Onyebuchim Chinwah, Esq. |

Dated: March 9, 2021

3