IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DAMALI D. GORDON,

        Plaintiff,

v.

EMILY BREEDING, individually
and t/a AL'S STEAK HOUSE;
DOROTHY BREEDING; and
ESTATE OF JAMES BREEDING,

        Defendants.

No. 1:20-CV-01399-LMB-JFA

Hon. Leonie M. Brinkema

MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT

      For reasons explained in plaintiff Damali Gordon's response, filed March 9, 2021 (ECF No. 9), to this Court's order of February 23, 2021 (ECF No. 8), to show cause regarding service of the original Complaint, the plaintiff undertook to re-examine her allegations at the request of counsel who represents the defendants but has not yet entered an appearance. As explained in Ms. Gordon's response to the order to show cause, and in the joint declaration of plaintiff's counsel (Attachment 2 to that response), opposing counsel indicated in a teleconference on February 8, 2021, that her clients would refuse (or she would instruct them to refuse) to acknowledge service already completed by mail unless the complaint were amended.

      After further investigation, the plaintiff has acquired additional credible evidence to support her allegations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*,

under 42 U.S.C. § 1981, and under Virginia statutory and common law. That evidence, as described in the declaration of counsel just mentioned, includes further proof that the defendant business in fact had more than 15 employees for purposes of Title VII's threshold workforce size requirement, as well as further proof that Ms. Gordon began work at the defendant business at approximately the time alleged in her original Complaint and well before her officially recorded start date. Ms. Gordon's proposed First Amended Complaint also adds additional factual allegations and legal claims regarding her treatment at the defendants' hands, and amends the case caption to reflect that defendant James Breeden has in fact passed away.

Although Fed. R. Civ. P. 15(a) provides that leave of court is not required for amendments to a complaint that are filed before the adverse party has responded to the original, the plaintiff submits this request for leave in case the Court deems it required in view of the late service of the original. Leave to amend should be "freely granted when justice so requires." *Id.; see also Arnold v. Wilson,* No. 1:13-cv-900 (E.D. Va. Dec. 23, 2014) (Brinkema, J.) (holding that Rule 15(a)(2) leave may be denied "when, for example, the proposed amendment would be prejudicial to the opposing party, occurs after undue delay, or would be futile . . . [or] if a newly asserted claim would change the character of the litigation"), *citing Equal Rights Ctr. v. Niles Bolton Assocs.,* 602 F.3d 597, 602-03 (4th Cir. 2010).

The amendments sought here do not unduly prejudice the defendants, indeed provide them with notice of additional factual allegations and legal claims which they may now address in their initial responsive pleading. The proposed amendments do not impose an undue delay, particularly given the defendants' intentional refusal to acknowledge service fully effectuated by mail and their insistence on an amended pleading. The amendments are

not futile, but rather add to the strength of the case; and they do not change the character of the litigation, but retain its gravamen as a civil rights action.

Opposing counsel, Marnie E. Byrum, Esq., was asked for her consent to this motion. Although the complaint was amended at her insistence, she took the position, likely procedurally correct, that she could not respond to the request for consent since she had not yet made an appearance.

WHEREFORE, plaintiff Damali Gordon respectfully requests leave of Court, to the extent such leave is required, to file the attached proposed First Amended Complaint.

Respectfully submitted,

_____
Stephen B. Pershing
Va. Bar No. 31012
Pershing Law PLLC
1416 E Street, N.E.
Washington, D.C. 20002
(202) 642-1431 (o/m)
steve@pershinglaw.us


_____/s/_____
Onyebuchim Chinwah, Esq.
(Admission *pro hac vice* pending)
8403 Colesville Rd., Ste. 1100
Silver Spring, MD 20910
(240) 842-9292
oc@chinwahfirm.com

*Counsel for plaintiff Damali D. Gordon*

Dated: March 10, 2021

^  ^  ^

3